# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

FORD MOTOR CREDIT COMPANY, LLC,

        Plaintiff,

    v.

RONNIE A. SPIVEY,

        Defendant.

CIVIL ACTION NO.: CV514-102

## O R D E R

Presently before the Court is the parties' joint request for a protective order in their Rule 26(f) Report filed April 9, 2015. (Doc. 10, p. 4.) The parties ask the Court to enter a protective order governing the use and exchange of privileged or protected information in this action. (Id.) The parties specifically request that the Court consider a proposed Confidentiality Stipulation and Order, which they have attached to their Rule 26(f) Report. (Id.; Doc. 10-1.) The Court held a Scheduling Conference on May 5, 2015, at which time the parties discussed, in part, their bases for seeking a protective order. (Doc. 15.)

Based on the statements of counsel made on the record at the Scheduling Conference, the undersigned determined that there is good cause for the entry of a protective order in this case. See Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.") It also appears that the parties' proposed Confidentiality Stipulation and Order is consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court and is appropriate in scope. Thus, the

parties' request for a protective order is **GRANTED**, with certain modifications to the proposed Confidentiality Stipulation and Order. The parties are hereby ordered to comply with the stipulated protections, as set forth herein and attached as Exhibit A:

1.      "Confidential Material" is defined herein as commercially or financially sensitive, proprietary, trade-secret, or privileged information or matter.

2.      In complying with discovery demands in this action, any information or matter that a party determines in good faith to be Confidential Material may be designated as such prior to its disclosure, production, or submission. Said designation shall be made in the manner set forth in Paragraph 3 below or by written agreement of the parties at any time. The designation of any material as confidential shall not constitute evidence with respect to any issue in this action.

3.      All or any part of a document or a tangible item disclosed, produced, or submitted by a party may be designated as Confidential Material by marking the applicable notice "CONFIDENTIAL" either (a) on the face of the document, or any photocopy of the document, that is exchanged and on each subsequent page to which the designation applies; or (b) on the face of the tangible item, if practicable, or in a written notice accompanying the disclosure or production of the tangible item.

4.      Any Confidential Material designated as such, and any information derived therefrom, may be disclosed in a deposition or at a hearing, trial, or other court proceeding in this action, but the party or person disclosing it shall advise the court reporter or transcriber regarding this Order and require that he or she agree not to disclose such material, except pursuant to the terms of this Order. Any

party wishing to object to such use must do so in a timely manner. Any party may designate a deposition transcript, or portion thereof, as "CONFIDENTIAL" by advising the court reporter or transcriber and all parties of such fact during the deposition or within thirty (30) days after the deposition transcript is available. If either party seeks to file a deposition transcript so designated with the Court, it must do so under seal, in accordance with the Local Rules of this Court. In the event that a transcript is prepared for a hearing, trial, or other court proceeding, a party may request that such transcript, or any portion thereof, containing Confidential Material or information derived therefrom be filed under seal in accordance with the Local Rules of this Court.

5.   Any Confidential Material designated as such, and any information derived therefrom, shall be used or disclosed solely for the purposes of litigating or attempting to settle the present action, and in accordance with the provisions of this Order, and shall not be used in any other litigation or for any other purpose without further order of this Court or written agreement of the parties.

6.   Other than the parties, the Court, Court personnel (including Court reporters), jurors, witnesses, deponents, and commercial photocopying firms, access to Confidential Material designated as such, or to any information derived therefrom, shall be limited to the following persons:

  a.  a party's directors, officers, employees, and agents in connection with the prosecution, defense, or supervision of this litigation;

  b.  a party's insurers and outside or in-house auditors;

  c.  counsel of record for the respective parties in the litigation and employees of said counsel, provided that such access is for the sole purpose of conducting the prosecution, defense, or supervision of this litigation;

d. other counsel for the respective parties to the litigation and their employees who are assisting in the prosecution or defense thereof, provided that such access is for the sole purpose of conducting the prosecution, defense, or supervision of this litigation; and

e. experts or consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the prosecution or defense of this litigation.

7. Before receiving access to any Confidential Material designated as such, or any information derived therefrom, each person described in Paragraph 6 shall be informed by counsel of record of the terms of this Order as well as the obligation to comply with those terms. Each expert, consultant, or other counsel who is given access to such material or information also shall sign a copy of the Commitment of Qualified Recipient Pursuant to Protective Order (the "Commitment") attached as Exhibit A. All copies of the signed Commitment shall be held in the sole possession of the party retaining said expert, consultant, or other counsel. However, the parties may later be required, by Court order, to disclose these persons to the other party or to the Court.

8. Under no circumstances shall a person who is not permitted access under Paragraphs 6 or 7—or who is permitted access but has not signed a copy of the Commitment when required under Paragraph 7—be permitted to attend a deposition, or any portion thereof, at which designated Confidential Material, or any information derived therefrom, is discussed or otherwise disclosed.

9. Confidential Material designated as such, or any information derived therefrom, may be disclosed to the Court in connection with any filing or proceeding in this litigation, but the party or person so disclosing shall move for such material or

information to be placed under seal in accordance with Local Rule 79.7. The parties are reminded that materials will not be placed under seal merely because they are marked confidential or merely because the parties wish them to be sealed; sealing decisions must be made by the Court. <u>See</u> <u>Chi. Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1309 (11th Cir. 2001).

10. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party or person (a) of documents or information existing in the files of that party or person, as a result of previous discovery in this or any other litigation, prior to the date of this Order; or (b) of documents or information received at any time by that party or person outside the course of the discovery process in this litigation.

11. The parties agree that the failure by any party to designate any document, tangible item, or other information as "CONFIDENTIAL" in accordance with this Order shall not constitute a waiver in whole or in part or be used as grounds for estoppel in connection with that party's designation of such materials as confidential in this or any other proceeding or action.

12. Nothing in this Order shall be construed in any way as a finding that material designated as "CONFIDENTIAL" does or does not constitute or contain sensitive, confidential, commercial, proprietary, or privileged information or matter. Any party or person may object, in writing, to such designation by another party or person within thirty (30) days of receiving the material so designated. If the parties are unable to resolve their dispute in good faith on an informal basis, the party or person challenging such designation shall, within

fourteen (14) days of reaching such an impasse, apply by motion to the Court for a ruling, based upon a showing of good cause, that the material shall not be treated as confidential pursuant to the terms of this Order. If no motion is submitted within such period, unless and until this Court enters an order to the contrary, the material designated "CONFIDENTIAL" shall be treated as such throughout the pendency of this litigation.

13.     This Order and the agreements embodied herein shall survive the resolution of this action and continue in full force and effect. This Order shall be binding upon the parties hereto, their counsel, and their agents, including experts and consultants. The Court shall retain jurisdiction to enforce the provisions of this Order against such persons following the termination of this litigation.

14.     Upon termination of this action, including the time for appeal, all parties shall promptly return to counsel for the producing party or person all Confidential Material designated as such, including all copies, prints, and other reproductions of such material, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning such material, a party may promptly certify to counsel for the producing party or person that it has destroyed all unreturned material containing the "CONFIDENTIAL" designation.

15.     The protections set forth in this Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by written agreement of the parties or by an Order of this Court. If any provision of this Order shall be held invalid for any reason, the remaining provisions shall not be affected thereby.

16.     In the event any nonparty serves a subpoena seeking Confidential Material designated as such, or information derived therefrom, on one of the parties, the party shall not produce or otherwise make available such material, until it notifies the other party of the subpoena, permitting that party a reasonable opportunity to move to quash the subpoena, and seeks an Order from this Court permitting compliance therewith.[1]

**SO ORDERED**, this 13th day of May, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] However, if a party receives a grand jury subpoena, it should not violate any obligation that it has not to disclose matters occurring before the grand jury to unauthorized parties. See, e.g., Fed. R. Crim. P. 6(e)(2); see also In re Grand Jury Proceedings, 995 F.2d 1013, 1015, 1020 (11th Cir. 1993) (protective order issued under Federal Rule of Civil Procedure 26(c) cannot shield materials from subsequent federal grand jury subpoena).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FORD MOTOR CREDIT COMPANY, LLC,

   Plaintiff,

  v.

RONNIE A. SPIVEY,

   Defendant.

CIVIL ACTION NO.: CV514-102

## <u>EXHIBIT A: COMMITMENT OF QUALIFIED RECIPIENT</u>

  I hereby affirm that (1) I have received and read a copy of the Court Order attached hereto; (2) I understand the terms and meanings thereof; (3) I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Georgia and binds me to the provisions of the attached Order; and (4) I am aware that a violation of said Order may result in a finding of contempt of Court and/or an award of damages against me.

  Furthermore, I understand that, upon direction from the party or person from which I received the Confidential Material designated as such, or information derived therefrom, I shall return to counsel for such party or person the material and information received, including all copies, prints, and other reproductions.

DATED: _____    _____
                Signature